El Pueblo de Puerto Rico, demandante y apelado, *v.* Arturo Izquierdo, acusado y apelante.

No. 3304.—*Visto:* Diciembre 15, 1927. *Resuelto:* Diciembre 19, 1927.

Armas—Portar Armas Prohibidas—Personas Dentro de la Exención o Privilegios—Tesorero Municipal.—El Tesorero de un municipio no está autorizado por la ley para usar armas prohibidas.

Sentencia de *Pablo Berga,* J., (San Juan) condenando al acusado por delito de portar armas. *Confirmada.*

Bolívar Pagán, abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Siendo el apelante Tesorero del Municipio de Toa Alta en esta isla disparó su revólver estando en su oficina y fué denunciado y condenado por el delito de portar arma prohibida.

La única cuestión que se suscita en la apelación interpuesta contra esa sentencia es que la corte inferior cometió error al condenarlo porque de acuerdo con el artículo 6, párrafo 10, de la Ley de 25 de junio de 1924 prohibiendo portar armas, él tiene derecho a usar su revólver legalmente pues autoriza a usar armas a los conductores de fondos públicos, mientras estuvieren éstos bajo su custodia, ya que según el artículo 30 de la Ley Municipal él tenía a su cargo la custodia de los fondos municipales y los pagos de los servicios y atenciones públicas de dicho municipio.

La exención o privilegio alegado por el apelante no tiene la extensión y alcance que le atribuye pues como sus pala-

bras dicen es para los conductores de fondos públicos, y conductor es el que conduce, adjetivo que se deriva del verbo conducir, cuyo primer significado es, según el Diccionario de la Academia Española, "llevar, transportar de una parte a otra" por lo que conductor de fondos públicos es el que lleva o transporta de una parte a otra esa clase de fondos.   Entre los deberes del cargo del tesorero municipal apelante no está en la Ley Municipal el de conducir o transportar los fondos municipales; y aunque el apelante declaró que en algunas ocasiones transportaba dinero de esos fondos municipales al correo para obtener giros postales, ni en la ocasión que portaba el revólver transportaba fondos municipales con tal fin, ni esto hubiera justificado la excención de pena porque su deber no es transportar o conducir esos fondos sino custodiarlos, que es guardarlos, y los que custodian fondos públicos no están autorizados por la ley para usar armas prohibidas.   El caso de *El Pueblo* v. *Segarra,* 36 D.P.R. 116, no tiene aplicación al presente porque lo que en él resolvimos fué que el derecho a portar arma no se pierde porque se haga indebido uso de ella y que si hizo uso ilegal de la misma será culpable de un delito pero no del de portar arma.

*Confirmada.*